The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ERIC D. HERNANDEZ,

    Plaintiff,

v.

RESPONSE MORTGAGE SERVICE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; NORTHWEST TRUSTEE SERVICES, INC.; and DOES 1-20, Inclusive,

    Defendants.

No. 11-05685-RBL

**ORDER**
[Dkt. #s 2, 25, 27 & 30]

This matter is before the Court on the following Motions: Plaintiff Hernandez's Motion for a Temporary Restraining Order [Dkt. #2]; Defendant NWTS' Motion to Dismiss [Dkt. #25], Defendant Response Mortgage's Motion to dismiss [Dkt. #27], and Defendant Bank of America's and MERS's Motion to Dismiss [Dkt. #30]. The case involves an in-default debtor seeking to prevent a pending non-judicial foreclosure on his home. The Plaintiff is represented by an attorney. The Defendants are the various players in the loan and foreclosure processes.

Plaintiff alleges a wide variety of claims based on the fact that his loan was securitized, that it is not clear to him who actually owns the Note or his Deed of Trust, that the two documents were separated, and other claims about the legal consequences of the organization and operation of the mortgage lending industry. These claims are typical of those often raised by plaintiffs in Hernandez's position. The only unique factor is that Hernandez filed for protection under Chapter 7 and received a discharge of his debts, without informing the Bankruptcy Court or his creditors about the contingent claims he now asserts against various entities. For following reasons, Plaintiff's claims are without merit as a matter of law, including his Motion for a TRO. The claims are DISMISSED with prejudice and the matter is closed.

**Background.**

Plaintiff Hernandez is the owner of Property commonly known as 7706 211th Street East, Spanaway, WA 98387. In 2007, Hernandez borrowed $279,000 from Defendant Response Mortgage Service, Inc. The loan was evidenced by a promissory Note and secured by a Deed of Trust against the Property. The Deed of Trust named Defendant MERS as a beneficiary, as nominee for Lender and Lender's successors. Response assigned the Note to Countrywide (BAC's predecessor) on November 30, 2007, and, according to Plaintiff, the Note was "securitized" the same day. MERS remained the nominee for the lender (and assigns) under the Deed of Trust, and MERS assigned the Deed of Trust to Defendant BAC in May 2011. Hernandez is apparently admittedly in default on his payments under the Note.

Hernandez filed for Chapter 7 bankruptcy protection in February, 2010, and his Petition reflected his secured obligation to BAC's predecessor. It did not list any contingent liabilities or claims. His debts were discharged on June 13, 2010. By September 2010,

Hernandez defaulted on his payment obligations, and a Notice of Default was issued by Defendant Northwest Trustee Services. On June 2, 2011, Northwest Trustee Services recorded a Notice of Trustee's Sale regarding the Property.

Plaintiff filed this action in August, 2011, seeking injunctive relief as well as money damages for the following claims:

1. Declaratory relief
2. Misrepresentation/fraud
3. Wrongful foreclosure
4. Breach of contract
5. Quiet title
6. Violation of trustee's duties under Chapter 61.24 RCW
7. Injunctive relief
8. Violation of the Fair Debt Collection Procedures Act (FDCPA)
9. Violations of the Fair Credit Reporting Act (FRCA)
10. Violations of the Truth in Lending Act (TILA)
11. Slander of title
12. Violation of the Washington Consumer Protection Act
13. Infliction of emotional distress; and
14. Violations of the Federal Real Estate Settlement Procedures Act (RESPA).

Defendants seek dismissal of all claims on the merits, arguing that Hernandez is judicially estopped from asserting any claims that he could and therefore should have listed on his Bankruptcy Petition, and that he has failed as a matter of law to assert facts supporting any of his claims.

**Discussion**.

**1.     TRO standard.**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Plaintiff's Motion for a TRO does not cite this, or any other law, in support of it. Instead, they claim the ownership and possession of the original note and mortgage has been severed, and that they do not know who possesses or owns either. They seek to preclude foreclosure until BAC can demonstrate its standing to foreclose.

The Plaintiff has not met any of the elements for obtaining emergency relief under the well established standards in this jurisdiction. While the court may presume irreparable

harm, the Plaintiff has demonstrated no likelihood of success on the merits, and has not and cannot show that the balance of equities tips in his favor. Nor can the Plaintiff show that enjoining a foreclosure sale on the facts he has alleged is in the public interest. Indeed, the opposite is true.

The Plaintiff's Motion for a TRO is therefore DENIED.

**2. Standard for Dismissal under Fed. R. Civ. P. 12(b)(6).**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

### A. Plaintiff is judicially estopped from asserting claims he failed to include in his bankruptcy estate.

Judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001). The Ninth Circuit has held that "a party is judicially estopped from asserting a cause of action not raised in the debtor's schedules or disclosure statements." *Id.* at 783. Judicial estoppel applies when: (1) a party's position is clearly inconsistent with a previous one; (2) the prior court accepted the previous inconsistent position; and (3) the inconsistency gave the litigant an unfair advantage in the subsequent suit. *Id.* at 782 (citing *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)).

Defendants argue that Plaintiff's claims had accrued by the time he filed his petition (and listed his assets, including contingent claims) in February 2010. All claims arise from the loan transaction he admits making in October, 2007. All claims against Response Mortgage necessarily arose no later than the date Response sold its interest in the loan – alleged by Plaintiff to be November 2007 – well before the date of any event in his Bankruptcy. Plaintiff's TILA and RESPA claims necessarily arose, if they arose at all, at the time[1] of his loan, not at the time of his default or his lawsuit.

Indeed, all of Plaintiff's core allegations – that MERS' involvement was wrongful, that the securitization was wrongful, that separation of the Note and Deed of Trust somehow relieved him of his obligation to re-pay the loan, or rendered the Deed of Trust unenforceable – all relate to acts which took place prior to Plaintiff's bankruptcy and discharge.

---

[1] Indeed, these claims are also be time barred. See 15 U.S.C. §1640(e) (one year limitations period for TILA claim); 12 U.S.C. §2605 (three year limitations period for RESPA claim).

Plaintiff argues that he did not know about his claims at the time of his bankruptcy and argues that "his debts were discharged because the trustee determined that that there was no property available for distribution from the estate over and above that exempted by law, not because Plaintiff failed to include claims listed in the complaint." [Dkt. #41, at 6]

This argument does not make sense. A plaintiff with an accrued, affirmative claim is required to disclose that claim to his creditors and the Bankruptcy Court. Otherwise, he could obtain a discharge and then collect on a claim he already possessed. As BAC correctly argues, allowing Plaintiff to proceed with this lawsuit now would give him assets that should have been included in his bankruptcy estate, where they would have been subject to claims by his creditors during the bankruptcy proceeding. *Hamilton, 270 F.3d. at 785; see also Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc.*, 989 F.2d 570, 571 (1st Cir. 1993) (explaining how a debtor benefits from concealing claims).

All of the elements of judicial estoppel are present. Plaintiff cannot take a position now that is contrary to the position he took in an effort to obtain discharge: that he had no contingent claims that might result in assets to pay his creditors. Plaintiff is judicially estopped from asserting any claim that had accrued at the time of his discharge.

### B. The rest of Plaintiff's claims are without factual support or legal merit.

There is a subset of Plaintiff's claims that arguably did not accrue by the date of his Petition (February 2010), or at the time his debts were discharged (June 2010). Defendants seek dismissal of these claims on the merits. Again, all of Plaintiff's claims depend on his allegation that the entire mortgage industry was wrongful in the manner in which MERS was nominated and used, in which the Note was securitized, and in which the Note and Deed of Trust were 'separated." He admits he did not pay as required.

Plaintiff has no claim for wrongful foreclosure where no foreclosure has occurred. All claims based on the allegation that the Defendants cannot prove (to his satisfaction) that they are entitled to enforce the Deed of Trust are unavailing. No court has sanctioned his claim that the securitization, separation, or assignment of Notes and deeds of Trust renders them unenforceable (or that these facts support any other claim).

Plaintiff's FDCPA claims fail as the defendants are not "debt collectors" as described in that statute. Plaintiff's FCRA claim requires him to allege that Defendants furnished information to a Credit Reporting Agency and that they received a notice of dispute from such an agency. He has not done so, and cannot do so.

Plaintiff's Breach of Contract claim fails because he has not and cannot allege that any contract provision was breached or that he was damaged. Plaintiff's Quiet Title claim necessarily requires him to demonstrate that he has made the payments due on his note, which he admits he has not. Plaintiff's Slander of Title claim requires him to allege that false words were maliciously published. He has not done so, and cannot do so.

Plaintiff's "Violation of Trustees Duties" claim is insufficient as to BAC and MERS as they were not trustees. It is insufficient as to Northwest, as Northwest argues, based on *Cervantes v Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011).

Plaintiff has not and cannot allege any of the required elements of a Fraud claim. His claim for Emotional Distress is insufficient as a matter of law; he has not alleged any conduct that is so outrageous as to be beyond all possible bounds of decency, or that he suffered any severe emotional distress. Finally, Plaintiff's Washington Consumer Protection Act claim is insufficient as a matter of law because he has not and cannot allege any unfair or deceptive act, that he was injured in his business or property, or that there was an impact on the public

interest. Any of Plaintiff's claims that theoretically survived his bankruptcy petition and discharge are insufficient as a matter of law.

**3. The flaws in Plaintiff's Complaint and theories of liability cannot be cured by amendment.**

Defendants seek dismissal of Plaintiff's Claims with prejudice. Plaintiff defends the merits of his 14 claims, but does not specifically seek amendment instead of dismissal.

Leave to amend shall be freely given when justice so requires. FED. R. CIV. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

Here, the facts are not in dispute and all of the claims raised by the Plaintiff are insufficient as a matter of law. Amendment to cure the deficiencies would be futile. The Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 29th day of December, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE